UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

EZEKIAL JOHNSON, )
    Plaintiff, )
 )
v. )
 ) C.A. No. 22-13-JJM-LDA
BLACK LIVES MATTER GLOBAL )
NETWORK FOUNDATION, INC.; )
GARY DANTZLER; and BERNICE )
MORRIS, )
    Defendants. )

## ORDER

Plaintiff Ezekial Johnson filed a Complaint (ECF No. 1) in this Court captioned a "Complaint for Violation of Civil Rights (Prisoner)." He sues the Black Lives Matter Global Network Foundation, Inc. "("BLM"), its executive director, and its policy director. He has also applied to proceed *in forma pauperis*. ECF No. 2. In connection with proceedings *in forma pauperis*, the Court must screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Having done so, the Court holds that Mr. Johnson has failed to state a plausible claim on which relief may be granted by this Court.

Mr. Johnson has filed a complaint in this court alleging racial employment discrimination against his former employer. See *Johnson v. Ocean Spray Cranberries, Inc.*, et al., 20-cv-1-JJM-LDA. He now alleges that he contacted agents of BLM to provide "advocacy support" for his lawsuit against his former employer. He alleges they "deceived [him] into a verbal contract which if [he won his] civil suit,

[he] pays BLM 1.5 million dollars." ECF No. 1 at 5. He now wants the court to hold BLM "accountable for their actions." *Id.* at 9.

*Legal Standard*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2) and § 1915A is identical to the standard used when ruling on a Rule 12(b)(6) motion. *Chase v. Chafee*, No. CA 11-586ML, 2011 WL 6826504, at *2 (D.R.I. Dec. 9, 2011). "To state a claim on which relief may be granted, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted)). In making this determination, the Court must accept a plaintiff's well-pled factual allegations as true and construe them in the light most favorable to him. *Id.* Although the Court must review pleadings of a *pro se* plaintiff liberally, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), the Court need not credit bald assertions or unverifiable conclusions, *Chase*, 2011 WL 6826504, at *2. Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678.

*Discussion*

Mr. Johnson's complaint does not plausibly allege a cause of action, or a current case in controversy. This matter is not ripe for adjudication. He alleges that he entered a contract with BLM, but there is no allegation that BLM or any of its agents have tried to enforce the contract or allegedly breached the contract. "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as

anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (quotes and cites omitted). Mr. Johnson does not allege that anyone has sought to enforce the contract or that the alleged contract has caused him any justiciable harm.

Thus, because this matter is not ripe for adjudication, this court lacks jurisdiction to hear this case. The Court DISMISSES the complaint.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

January 13, 2022

3